{¶ 88} While I concur in the majority's opinion that the judgment of the trial court be affirmed, I do so for somewhat more limited reasons and therefore write separately.
 {¶ 89} Appellant's first four assignments of error address the trial court's rulings that limited the questions defendant posed to witnesses, other than the victim, about the victim's out of court statements to Officer Brian Sheline, to Aaryanna's mother, and to *Page 21 
Aaryanna. As to the victim's out of court statements to Officer Sheline and Aaryanna's mother, I agree with the majority that the trial court wrongly concluded the victim's statements were inadmissible hearsay: defendant was not seeking to prove the truth of the statements, but only that the victim said them. I further agree that the victim's statements nonetheless were inadmissible under Evid. R. 613(B) because defendant failed to comply with the provisions of Evid. R. 613(B)(1) that require defendant to give the victim "a prior opportunity to explain or deny the statement" before presenting the issue to the person to whom the victim allegedly made the statement.
 {¶ 90} I further agree with the majority that defendant fails to demonstrate prejudicial error in the trial court's refusal to declare Aaryanna a hostile witness and to allow defense counsel to inquire whether Aaryanna told defense counsel specifics of what the victim purportedly told Aaryanna. Although, as the majority notes, defendant in this instance complied with the requirements of Evid. R. 613(B), other problems exist in his attempt to demonstrate the court erred in limiting his questions to Aaryanna. Among them, if Aaryanna's answer, despite a sustained objection, is considered, she said she did not make the statement at issue to counsel; if her answer is not considered, the record does not contain defendant's proffer of what Aaryanna allegedly told defense counsel concerning the victim's statements to her. The record thus lacks a basis to conclude defendant suffered any prejudice from the trial court's ruling.
 {¶ 91} Finally, for the reasons the majority sets forth, I agree that the state presented sufficient evidence to support defendant's convictions. I further agree that the inconsistencies in the testimony do not rise to the level of allowing this court to set aside the jury's verdict as being against the manifest weight of the evidence. *Page 22 
 {¶ 92} Accordingly, I agree that all six assignments of error be overruled and the judgment of the trial court be affirmed.